# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:10 CR 19

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MARK WAYNE BALLARD. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard before the undersigned, pursuant to a letter (#24) dated August 2, 2011 forwarded by defendant to United States District Judge Martin Reidinger. In the letter the defendant states that he is "firing" his attorney. The court considered defendant's letter as a request by defendant for the court to substitute another attorney to represent defendant in place of his present attorney, Fredilyn Sison. The matter was referred by the court to the undersigned for hearing. Upon the call of this matter on for hearing it appeared that the defendant was present, that Ms. Sison was present and the government was present and represented through Assistant United States Attorney David Thorneloe. At the call of the matter, Ms. Sison requested that the court seal the hearing and exclude the United States Attorney and all other parties from the courtroom because of concerns that she had that in hearing the request of defendant, the court would have to hear confidential communications between herself and defendant. The government did not have any objection to this request and the court did determine to close the proceedings.

However, the undersigned advised Ms. Sison and the defendant that if there were any pertinent disclosures made during the closed proceeding that did not involve communications between Ms. Sison and the defendant that the court would disclose those communications to the government. .

**Findings.** Ms. Sison advised the court that it was her opinion there was such a conflict between the defendant and Ms. Sison that is so great that it has resulted in a total lack of communication preventing an adequate defense for the defendant. Defendant, in his letter, has presented complaints that Ms. Sison and her staff have not talked to various witnesses, including a girlfriend named Kelsey Driver and ex-girlfriend Caroline Welch and various family members of defendant. Ms. Sison reported that her investigator had been to see each of those persons. When the investigator would arrive at the home and knock on the door the persons inside the dwelling house would not come out of the home or speak to the investigator. The investigator visited some of the persons on multiple occasions and no one would ever come out of the home or speak to the investigator. The only person that would speak to the investigator was defendant's mother who threatened the investigator. Of more particular concern to the undersigned, defendant has made a representation in his motion that he wanted to withdraw his plea of guilty in this matter. Ms. Sison did not make any statements to the court regarding that request. The undersigned specifically

2

addressed that request with defendant. When questioned by the court, defendant told the court that he had lied to the court during the Rule 11 inquiry that took place on January 19, 2011. Specifically, defendant told the court he had lied in regard to his response as to whether or not he was in fact guilty of the offense described in count one of the superseding bill of indictment.

The draft Presentence Report (#20) was filed in this matter on July 11, 2011. Ms. Sison made prompt objections on July 19, 2011(#21). The final report was filed on July 27, 2011 (#22 & 23). Sentencing has not yet been scheduled.

**Discussion.** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Ms. Sison to represent him further; and (3) Whether or not there is such a conflict between the defendant and Ms. Sison that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d

105 (4th Cir. 1988).

The undersigned finds that defendant's motion in not timely and comes at a late stage in this matter. Defendant's plea was accepted by the undersigned on January 19, 2011 and the final Pretrial Report was filed on July 27, 2011. Although sentencing has not been scheduled, this factor must be weighed against granting the motion of defendant.

The undersigned inquired as to the reasons for the conflict between defendant and Ms. Sison. After hearing from both Ms. Sison and the defendant, the undersigned finds that defendant has no reason whatsoever to be dissatisfied with the services of Ms. Sison. Ms. Sison and her staff have attempted to visit and talk with each witness requested by defendant. The proposed witnesses Driver and Welch have refused to open the door when the investigator would come to their home to talk to them. Defendant's mother cursed and threatened the investigator. Defendant's dissatisfaction with Ms. Sison and her staff has no basis in fact.

The court has further examined this matter to determine whether or not there is such a conflict between Ms. Sison and defendant there is a total lack of communication between them preventing an adequate defense. Ms. Sison has urged the court to find that such exists. Due to the statements of defendant advising the court that he had lied to this court on January 19, 2011 at the Rule 11 hearing, the

undersigned does find that there is such a conflict between defendant and Ms. Sison that would prevent an adequate defense. It appears defendant has decided to embark upon a course in this case that has been developed by himself and Ms. Sison does not wish to participate in such a course of action.

After considering all factors, it appears there is little time before sentencing within which to appoint other counsel. As a result of the inquiry made by the undersigned, the undersigned can find no valid reason for defendant's dissatisfaction with Ms. Sison and her work on behalf of defendant. However, there does now appear to be a lack of communication between Ms. Sison and defendant that has been brought out by the actions and conduct of defendant that is so great that it now going to prevent an adequate defense of defendant. Based upon the foregoing, the undersigned has determined to enter an order allowing Ms. Sison to withdraw as attorney for defendant and to order that the Federal Defenders Office appoint substitute counsel for Ms. Sison.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the letter (#24) of defendant which the court has considered as a motion for substitution of counsel is hereby **ALLOWED** and Ms. Sison is allowed to withdraw as attorney for defendant. The Federal

Defenders Office is ordered and directed to appoint new counsel to represent the defendant in this matter.

Signed: August 31, 2011

Dennis L. Howell
United States Magistrate Judge